UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROWE FURNITURE, INC. | ) | Case No. 06-11143-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |

**MEMORANDUM OPINION AND ORDER**

The question before the court is whether Marquette Equipment Financing, LLC, and Republic Bank (collectively, "Marquette/Republic") are entitled to unilaterally withdraw a motion to compel assumption or rejection of eight leases related to the debtor's computer system and, if not, whether the court should condition dismissal upon payment of attorney's fees incurred by Rowe Fine Furniture, Inc. ("RFF") in responding to discovery. For the reasons stated, the court concludes that Marquette/Republic had the right to withdraw the motion.

Background

Rowe Furniture, Inc. ("the debtor") was a manufacturer of furniture. Together with its parent holding company and an affiliate, it filed a voluntary petition in this court on September 18, 2006, for reorganization under chapter 11 of the Bankruptcy Code. In its operations, Rowe made use of a computer system (which included hardware as well as an enterprise accounting system from SAP), the acquisition and customization of which had been financed by Marquette/Republic through eight lease agreements. As part of a proposed sale of its assets to the entity now known as RFF, the debtor filed a motion on December 28, 2006 to assume and assign certain executory contracts and leases. Included among the contracts were four of the eight leases with Marquette/Republic. Marquette/Republic filed

1

a response objecting to the assumption of less than all of the leases, and on January 12, 2007, filed its own motion to compel assumption or rejection of the leases.

On June 19, 2007, an evidentiary hearings was held on that motion as well as on the joint motion of the debtor and its holding company to sell all of their assets to an affiliate of Sun Capital Partners IV, Inc.  The debtor stated at the hearing that it had not yet determined whether to assume and assign the Marquette/Republic leases but represented that the purchaser would need to use the existing computer system on at least a temporary, transitional basis.  Two orders resulted from the court's rulings at the hearing.  The first, entered on January 24, 2007 (Doc. # 473), required the debtor to determine not later than March 5, 2007, whether to assume or reject the leases.  The order set a further hearing for March 16, 2007, to determine the cure amount and to resolve any adequate assurance issues if the debtor sought to assume and assign one or more of the leases—with the court reserving a ruling on whether the leases were separate—and any administrative rent claim if the debtor sought to reject one or more of the leases.  The second order, entered on January 25, 2007 (Doc. # 480) approved the asset sale and, among other things, required RFF[1] to pay Marquette the amounts due under four of the leases (Leases 001, 002, 003, and 004) for so long as it was using the equipment and software covered under those leases for up to 45 days following the closing date.

On January 31, 2007, the debtor filed a motion to reject <u>all</u> of the Marquette/Republic leases. The following day, Marquette/Republic filed a motion to alter or amend the two orders that had resulted from the January 19th hearing.  That motion was precipitated by still another order that had been entered on January 25, 2007, in which SAP America, Inc.—the licensor of the SAP enterprise

---

[1] The purchaser is not actually named in the sale order but merely described as "an affiliate of Sun Capital Partners IV, Inc."  Initially, the purchaser was known as Lexington-Rowe Furniture, Inc., but shortly thereafter changed its name to Rowe Fine Furniture, Inc.

2

software—agreed to an assignment of the license to Rowe. That license, Marquette/Republic contended, was the subject of Lease No. 002, and could not be assigned without compensation to Marquette/Republic or separately from the other seven leases. The motion to alter or amend was heard on February 16, 2007, and although the court denied the motion, the order reflecting the court's ruling did clarify that nothing in the January 25th sale order "is intended as authorizing Lexington-Rowe Furniture, Inc. . . . to copy the SAP software that is installed on the leased equipment to any other computer system." The order further stated, "Any issues with respect to Lexington-Rowe's continued use of the software if lease No. 2 is rejected will be determined at the [previously set] hearing on March 16, 2007."

Prior to that hearing, an order was entered on February 21, 2007, converting the case to a liquidation case under chapter 7. Donald F. King was appointed as chapter 7 trustee and advised the court at the March 16, 2007, hearing that he intended to reject all eight leases. At the hearing, counsel for Marquette/Republic stated that his client would pick up the equipment and intended to examine the computer system to determine if the software had been copied. The court then set a further status hearing for April 26, 2007. At that hearing, Marquette/Republic advised the court that it had received back only the computer hardware, with the hard drives having been completely erased ("wiped") using a program that prevented a forensic determination of whether the software had been copied before it was deleted. Additionally, none of the program manuals or documentation had been returned. Because there was a factual dispute as to whether RFF had copied the software to its own computers, the court authorized limited discovery on that issue.

In authorizing discovery, the court recognized that the leases had been rejected as a matter of law, thereby mooting the original relief sought by the motion. However, since the order approving the

3

asset sale had contemplated that RFF would be using the computer system only on a temporary, transitional basis until a decision was made whether to assume and assign the Marquette/Republic leases, the court concluded that jurisdiction likely existed to determine whether RFF was using unauthorized copies of software modifications in which Marquette/Republic asserted an ownership interest.  In comments from the bench, however, the court did recognize that, depending on the precise relief sought and theories asserted, Marquette/Republic might have to proceed by adversary proceeding or in another forum.

      Unfortunately, the course of what the court expected to be rather simple and straight-forward discovery did not run smoothly.  Several motions to compel discovery were filed, and  hearings were held on May 18, June 6, and June 15, 2007, to resolve the discovery disputes.  It was not until the June 15th hearing that RFF finally conceded that it had copied ("ported") to its own hardware the software that had been installed on the leased computer system.  Because RFF asserted that it had a legal right to do so the court (in addition to ruling on one remaining discovery issue) set a schedule for the parties to brief the ownership of the base SAP software, the modifications, configuration, customization, and enhancements of the software, and the data stored on the computer system, with oral argument to be presented at a hearing on August 17, 2007.  Order of June 18, 2007.  On July 13, 2007, Marquette/Republic filed a praecipe withdrawing the motion to compel assumption or rejection.[2]  Two weeks later, RFF filed the objection that is currently before the court.

---

[2] On the same day, Marquette filed a civil action against RFF in the United States District Court for this district. *Marquette Equipment Finance, Inc. v. Rowe Fine Furniture, Inc.,* et al., Case No. 1:07-cv-00676-LO-TRJ (E.D. Va.).  The complaint—which demands a jury trial—is pleaded in eight counts, including tortious interference with contractual relationships, conversion, computer trespass, computer fraud, breach of fiduciary duty, conspiracy, and unjust enrichment.  The defendants have filed a motion—which has been noticed for hearing on September 7, 2007—to dismiss the complaint predicated in part on the pendency of the issues in this court.

Discussion

A.

The basic question is whether Marquette Equipment had the unilateral right under Rule 7041, Federal Rules of Bankruptcy Procedure, to voluntarily dismiss a motion which had become moot in terms of the original relief requested but which had effectively morphed into a proceeding to recover possession of the leased property from RFF and to bar RFF from using copies of it.  As will be seen, the major difficulty in applying Rule 7041 to the present controversy is that the expansion of Marquette/Republic's motion beyond its original scope took place without the benefit of formal pleadings, leading to what can be fairly characterized as no more than a tentative and vaguely-defined joinder of issues.

With one limitation not relevant here, Rule 7041 incorporates Rule 41, Federal Rules of Civil Procedure. Rule 41 in turn provides in relevant part as follows:

> (a) Voluntary Dismissal; Effect Thereof
>     (1) By Plaintiff: By Stipulation. . . . [A]n action may be dismissed by the plaintiff without order of court (i) *by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.* . . .  Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice[.]
>     (2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a) (emphasis added).  The rule applies not only in adversary proceedings, but also in contested matters. Fed.R.Bankr.P. 9014(c).  Contested matters, however, are initiated by motion, application, or objection rather than by summons and complaint, and "[n]o response is required . . . unless the court orders an answer to the motion." Fed.R.Bankr.P. 9014(a).  By local rule, this district

requires a written response with supporting memorandum in order to oppose any motion. LBR 9013-1(H)(1) and (2). In the absence of a timely response and supporting memorandum, the court may deem the opposition waived, treat the motion as conceded, and enter an order granted the requested relief. LBR 9013-1(H)(4). The response, therefore, corresponds to an "answer" for the purpose of applying Rule 41 to a contested matter.

RFF concedes that it never filed a response to the Marquette/Republic motion to compel assumption or rejection, nor has it filed a motion for summary judgment. It is true that RFF did file a response (Doc. 519) to Marquette/Republic's motion to reconsider the sale order and the order setting a deadline for assumption or rejection.[3] Although the response did defend RFF's right to negotiate a direct license with SAP, it did not address what has now become the central point of dispute, namely whether the debtor or Marquette/Republic owned the software enhancements that RFF has ported to its equipment and the documentation that RFF has retained in its possession. Indeed, it was precisely because the ownership issue had never been formally joined that the court required the parties to file briefs that would squarely address the issue. As noted, Marquette/Republic withdrew its underlying motion prior to the date for filing its brief and instead brought an action in the United States District Court.

Although it is true, as RFF argues, that there has been considerable jousting between the parties, the combat has all been of a preliminary nature and has never resulted in a formal joinder of issue that would be the equivalent of an "answer" as that term is used in Rule 41(a). For that reason, the court concludes that Marquette/Rowe had the right to withdraw the motion to compel assumption

---

[3] In its response, RFF asserted standing as a party in interest under § 1109(b), Bankruptcy Code, "because it is using equipment under the Leases and the Motion directly affects its business." Objection to Motion at 6 n.4. Marquette/Republic has not contested that RFF is a party in interest.

or rejection of the eight leases. The plain language of the rule mandates that conclusion. *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544(4th Cir. 1993) (special appearance and motion for preliminary injunction did not constitute answer for purpose of Rule 41(a)).

But even if the court had some equitable power to treat RFF's response to Marquette/Republic's motion to reconsider or the oral wrangling of the parties at the various hearings as the equivalent of an "answer," and on that basis to condition dismissal of the underlying motion on the payment of RFF's counsel fees, the court would be disinclined to do so. Contrary to RFF's argument, the court cannot find that Marquette/Republic has proceeded in bad faith.

First, the extent of this court's subject-matter jurisdiction over the dispute between Marquette/Republic and RFF was always an open question. The subject-matter jurisdiction of this court extends to bankruptcy cases, civil proceedings arising under the Bankruptcy Code, civil proceedings arising in a bankruptcy case, and civil proceedings related to a bankruptcy case. 28 U.S.C. §§ 1334 and 157(a); In the Matter of the Administration of the Bankruptcy Courts, Order (E.D. Va., August 15, 1984). A proceeding "arises under" the Bankruptcy Code if federal bankruptcy law creates the cause of action or if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal bankruptcy law. *Poplar Run Five L.P. v. Virginia Elec. & Power Co. (In re Poplar Run Five L.P.)*, 192 B.R. 848, 855 (Bankr. E.D. Va. 1995). Proceedings "arising in" a bankruptcy case are those that "are not based on any right expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co., Inc.)*, 86 F.3d 364, 372 (4th Cir. 1996), *cert. denied*, 519 U.S. 993, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996); *Grausz v. Englander*, 321 F.3d 467 (4th Cir 2003) (debtor's malpractice claim against his bankruptcy attorney for acts committed during the case

"arises in" the bankruptcy case within the meaning of 28 U.S.C. § 1334). Finally, the "related to" category of proceedings is "quite broad and includes proceedings in which the outcome could have an effect upon the estate being administered." *Bergstrom*, 86 F.3d at 372, citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (explaining that the test is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered" or "could alter the debtor's rights, liabilities, options, or freedom of action."). Nevertheless, the "related to" category is not so broad as to encompass litigation of state law claims that will have no effect on the bankruptcy estate. *See New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000) (district court lacked even "related to" jurisdiction over state law claims by entity formed to purchase debtor's assets in accordance with a confirmed plan against parties who allegedly interfered with the sale), *cert denied*, 532 U.S. 1052, 121 S.Ct. 2192, 149 L.Ed.2d 1024 (2001); *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007) (bankruptcy court did not have post-confirmation "related" jurisdiction to adjudicate debtor's claims against lender holding a deed of trust against its property for improperly increasing the monthly payments prepetition and for tortiously interfering post-petition with the debtor's contractual relationship with its tenant). Although the holding in *Grausz* would strongly support the argument that this court possesses jurisdiction over RFF's use of the computer software and enhancements as a dispute "arising in" the bankruptcy case, a non-frivolous argument could also be made, based on *New Horizon,* that jurisdiction would not lie for the simple reason that neither the debtor nor the bankruptcy estate has a dog in the fight. Given the uncertainty, it would make sense (and would hardly constitute bad faith "forum shopping" as RFF asserts) for Marquette/Republic to bring its claims against RFF in a forum, such as the United States District Court, in which jurisdiction is not constrained by 28 U.S.C. § 1334.

Second, although RFF complains that it has already spent considerable money, time, and effort in responding to the discovery that this court authorized to identify what software and documentation RFF was now using that had come from the debtor, much of the time (and therefore the cost) appears to have resulted from RFF's own efforts to provide as little meaningful information as possible. In any event, the information having now been provided, the court is confident that in any further proceedings, appropriate case management orders will eliminate the need for, or burden of, duplicative discovery efforts.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The objection (Doc. # 695) of Rowe Fine Furniture, Inc., to the withdrawal (Doc. # 689) by Marquette Equipment Finance, Inc., of its motion (Doc. # 429) to compel assumption or rejection of eight leases is overruled, and the motion, to the extent it is not moot, is treated as having been voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), as incorporated by Federal Rule of Bankruptcy Procedure 7041.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Joel L. Dahnke, Esquire
Henry, O'Donnell, Dahnke & Walther, P.C.
4103 Chain Bridge Road, Suite 100
Fairfax, VA  22030
Counsel for Marquette Equipment Financing, LLC, and Republic National Bank

Brian F. Kenney, Esquire
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA  22102
Local counsel for Rowe Fine Furniture, Inc.

James W. Reynolds, Esquire
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA  22031
Counsel for Donald F. King, chapter 7 trustee