UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                      )
                                            )
    ROWE FURNITURE, INC.             )      Case No. 06-11143-SSM
                                            )      Chapter 7
                Debtor           )

**MEMORANDUM OPINION**

Before the court are three motions by Riverside Claims, LLC ("Riverside") to allow a total of thirteen claims it filed after the claims bar date in the aggregate amount of $196,589.61 as amendments of claims that were timely-filed in the related case of the debtor's parent holding company.[1] The motion is opposed by the chapter 7 trustee, Donald F. King. Following a hearing on January 18, 2008, the court took the motion under advisement to review the record and the applicable law. Although the court concludes that filing a proof of claim in one case is not sufficient, standing alone, to constitute an informal proof of claim in a different case, even one that is closely related, the court further determines that a pleading Riverside filed in the debtor's case is sufficient, under the circumstances, to constitute an informal amendable proof of claim.

---

[1] The motion filed as Doc. # 735 relates to Claims No. 164, 165, 166, 167, and 168. The motion filed as Doc. # 736 relates to Claims No. 169, 170, 171, 172, and 173. The motion filed as Doc. # 737 relates to Claims No. 174, 175, and 176. Similar motions have been filed by creditors Rosenthal & Rosenthal, Inc., American Electric Power, and Tietex International, Ltd. By separate order, the court has denied the motion of Rosenthal & Rosenthal. The trustee has withdrawn his opposition to the motion of American Electric Power. The motion of Tietex has been continued several times and has yet to be argued.

Background

Rowe Furniture, Inc. ("the debtor" or "RFI"), was a furniture manufacturer with plants in Elliston, Virginia; Salem, Virginia; Poplar Bluff, Missouri; and Morehouse, Missouri. Together with its parent holding company, The Rowe Companies ("TRC"), and an affiliate, Storehouse, Inc. ("Storehouse"), the debtor filed a voluntary petition in this court on September 18, 2006, for reorganization under chapter 11 of the Bankruptcy Code. Although an initial effort was made to reorganize RFI, a decision was ultimately made to sell the assets of the business, following which the case was converted to chapter 7 on February 21, 2007, and Donald F. King was appointed as trustee. Although the assets of TRC and Storehouse have also been sold, those companies remain in chapter 11 as debtors in possession.

RFI came into existence as an operating company in 1999, when the former Rowe Furniture Corporation, after purchasing Storehouse, became a holding company (changing its name in the process to The Rowe Companies) and transferred its manufacturing operations to the debtor. When the present case was filed, the petition listed Rowe Furniture Corporation as a name used by TRC in the last eight years, and the docket sheet showed Rowe Furniture Corporation as a "dba" for The Rowe Companies. The first-day motions filed in all three cases included a motion for joint administration. Although the motion was ultimately denied, the notice of first day motions listed the debtor as "The Rowe Companies, Inc., *et al.*" and contained the (premature) designation "jointly administered." However, separate notices of the claims bar date, referring only to the specific debtor, were sent out for each case.[2]

---

[2] The claims bar date for non-governmental creditors in the three chapter 11 cases was February 6, 2007.

Riverside is a distressed debt buyer. It filed 29 proofs of claim totaling $580,170.39 in the TRC case as assignee of 13 different creditors.[3] As a result of RFI's conversion to chapter 7, a new claims bar date of September 19, 2007 was set.[4] Riverside did not file proofs of claim before that date but did, while the case was still in chapter 11, file an objection to the proposed sale of the debtor's asserts. In the objection, Riverside alleged, "Riverside is the transferee of claims against the Debtors in the amount of approximately $300,000."[5] On the last date for filing claims in the debtor's case, TRC filed objections to the Riverside claims in its own case on the ground that liability for them lay with the debtor, not TRC.[6] Riverside, after realizing its error, then promptly re-filed its claims in the debtor's case[7] and brought these motions to have them allowed as amendments to the claims filed in the TRC case.[8] With only a few exceptions,

---

[3] Riverside has since acknowledged that a number of duplicate claims were filed and has withdrawn the duplicates, leaving 13 claims totaling $196,589.61.

[4] The notice of meeting of creditors in the chapter 7 case did not set a bar date for filing claims, and, in fact stated, "Please Do Not File a Proof of Claim Unless You Receive a Notice to Do So." However, on June 21, 2007, the clerk, at the trustee's request, notified creditors of the need to file a proof of claim within 90 days of the date of the notice.

[5] The objection, which was filed on December 12, 2006, as Doc. # 352 in the debtor's case, was also filed in the TRC case.

[6] A separate order has been entered in the TRC case sustaining the objections and disallowing the claims in that case.

[7] Claims 164 through 175 were filed on October 18, 2007. Claim 176 was filed on October 23, 2007.

[8] A list of the claims is attached as an exhibit to this opinion. One of the claims (Claim No. 176 in the amount of $2,016.00 as assignee of Austin Tinsley, M.D.) was not the subject of an objection in TRC's case. Additionally, the court was advised at the hearing that the original creditor (Roth Fabric, Inc.) that is the subject of Claim No. 175 in the amount of $7,496.52, had filed a timely claim on its own behalf

the claims in question are listed on the debtor's schedules in amounts that are either identical to, or reasonably close to, the amounts asserted in the proofs of claim.

Discussion

I.

Except in chapter 9 and chapter 11 cases—in which certain claims are deemed filed if listed on the debtor's schedules—a creditor desiring to receive distributions in a bankruptcy case must file a proof of claim. § 501(a), Bankruptcy Code; Fed.R.Bankr.P. 3002(a). In chapter 11, the bar date for filing claims is set by the court. Fed.R.Bankr.P. 3003(c)(3). In this district that date is 90 days after the meeting of creditors unless a different date is fixed on motion of a party in interest. Loc.Bankr.R. 3003-1(A). The conversion of a chapter 11 case to chapter 7 gives rise to a new time period for filing claims. Fed.R.Bankr.P. 1019(2). In a chapter 7 case, claims must normally be filed within 90 days of the first date set for the meeting of creditors. Fed.R.Bankr.P. 3002(c). There are a number of exceptions, but the only one applicable to the present case is that if creditors were initially notified not to file claims because it appeared that assets would be insufficient to pay a dividend, the bar date is 90 days from the date of the notice directing creditors to file claims. Fed.R.Bankr.P. 3002(c)(5).[9] A claim not filed by the claims bar date is subject to disallowance on that basis. § 502(b)(9), Bankruptcy Code.[10] Because the

---

[9] The other exceptions involve claims by a governmental unit, claims by an infant or incompetent person, claims arising from avoidance judgments, claims arising from the rejection of an executory contract or unexpired lease, and claims by creditors to whom notice was mailed at a foreign address. Fed.R.Bankr.P. 3002(c)(1), (2), (3), (4), and (6).

[10] The fact that a claim is tardily filed does not in all circumstances prevent its payment. In a chapter 7 case, a tardily filed priority claim may be paid if it was filed on or before the earlier of ten days after the mailing to creditors of the summary of the trustee final report or the date the
(continued...)

claims at issue were filed after the claims bar date, they are subject to disallowance unless, as Riverside urges, they can be allowed as amendments to timely-filed informal claims.

II.

In this connection, bankruptcy courts have long exercised their equitable powers to allow creditors who have filed some other pleading in the case within the claims bar date that clearly sets forth the creditor's claim, to have such pleading treated as an "informal" proof of claim that can be "amended," after the bar date, by filing a formal proof of claim. *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir. 1957); *Dabney v. Addison*, 65 B.R. 348 (E.D. Va. 1985); *see also, Davis v. Columbia Constr. Co. (In re Davis)*, 936 F.2d 771, 775-76 (4th Cir. 1991) ("For an amended claim to be allowed in the absence of a prior written informal claim, the creditor in question must undertake some affirmative action to constitute sufficient notice that he has a claim against the estate."). *Dabney* sets forth a list of representative, but not exhaustive, activities of the creditor that would be considered sufficient notice of the creditor's claim against the estate. These include: sending bills to a trustee demanding to be paid; filing an objection to a trustee's motion to sell property containing evidence of the creditor's security interest in the property to be sold; attending and being an active party at the meeting of creditors; and an exchange of letters between the trustee and the creditor seeking payment from the estate. *Dabney*, 65 B.R. at 351. However, the court cautioned that notice of the creditor's claim would not be found merely by

---

[10](...continued)
trustee commences final distribution on claims. § 727(a)(1), Bankruptcy Code. Additionally, a tardily filed unsecured claim can be paid pro rata with timely-filed claims if the creditor did not have notice or actual knowledge of the case in time to file a proof of claim, and the claim is filed in sufficient time to permit its payment. § 727(a)(2)(C), Bankruptcy Code. Finally, tardily filed claims may be paid to the extent that funds remain after payment of all timely filed claims (other than claims for fines, penalties, punitive damages, and the like). § 727(a)(3), Bankruptcy Code.

proving knowledge on the part of the trustee of the asserted claim or a mere listing of the claim by the debtor in the debtor's schedules. *Id*. Rather, the essence of being able to find an informal proof of claim is some evidence that the creditor has made a demand in the case which "manifests the creditor's intention to hold the debtor liable." *In re A.H. Robins Company, Inc.*, 118 B.R. 436, 439 (Bankr. E.D. Va. 1990) (Shelley, J.) (quoting *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 795 (E. D. Va. 1985)).

As framed by the parties at oral argument, the issue raised by the present motions is whether pleadings or papers filed by a creditor in a *different*, but related, case can constitute an informal proof of claim in this case. So far as the court's notes reflect, the parties did not address the effect of the objection Riverside had filed to the asset sale motion. Putting that issue aside for the moment, it is highly doubtful that filing a proof of claim in one case would ever be sufficient, standing alone, to constitute an informal proof of claim in a related but different case. *See, e.g., In re Honda*, 106 B.R. 204 (Bankr. D. Hawaii 1989) (lift stay motion filed in corporate debtor's case could not be considered informal proof of claim in guarantor's individual case). *See also Mann v. CCR Financial Planning, Ltd (In re McKoy)*, 211 B.R. 843 (E.D. Va. 1997) (dischargeability complaint erroneously filed in case of debtor's wholly-owned corporation could not be amended, after dischargeability bar date had passed, to show that it was filed in the individual debtor's case); *H. T. Paul Co. v. Atteberry (In re Atteberry)*, 194 B.R. 521 (D. Kan. 1996) (motion for extension of time filed in debtor's chapter 11 case did not extend dischargeability deadline in same debtor's separate chapter 7 case).

The only cases the court is aware of in which a claim filed in an entirely separate proceeding was allowed as an informal claim are *In re Interco, Inc.*, 149 B.R. 934 (Bankr. E.D.

Mo. 1993) and *In re Meyer & Son Seafood Corp.*, 188 B.R. 315 (Bankr. S.D. Fla. 1995). In *Interco*, the debtor and some 30 related companies, including Sky City Stores, Inc. ("Sky City") filed chapter 11 cases on the same date. An order for joint administration was entered, and a joint plan was ultimately confirmed. 149 B.R. at 935. Three landlords had filed timely proofs of claim in the Sky City case for rejection damages. Attached to each of the claims was a copy of a lease guarantee that Interco had executed. 149 B.R. at 938-39. Only after the claims bar date had passed did the landlords file proofs of claim in Interco's case based on the guarantees. The court, after first noting the Eighth Circuit's liberal policy in favor of claims amendments, held that the copies of the Interco guarantees attached to the proofs of claim filed in the Sky City case "disclose the existence of claims against Interco." 149 B.R. at 939. After further observing that Sky City and Interco were represented by legal counsel from one law firm, and that the cases had been jointly administered, the court concluded that "under these circumstances, the copies of the guarantees submitted by [the landlords] adequately evidence an intention by the claimant[s] to share in [Interco's] assets." 149 B.R. at 939 (internal quotation marks omitted).

In *Meyer & Son*, the debtor had filed in state court a voluntary assignment for the benefit of creditors. 188 B.R. at 316. Shortly thereafter, an involuntary chapter 7 bankruptcy petition was filed against the debtor in federal bankruptcy court. The creditor filed its proof of claim with the state court, but not in the bankruptcy court. Id. The bankruptcy case was converted to chapter 11, then back to chapter 7. Prior to the bar date for claims in the bankruptcy case, the assignee in the state court assignment proceeding turned over to the chapter 7 trustee copies of all the claims filed with the state court. 188 B.R. at 317 n.10. Because of an inaccurate mailing matrix, the creditor never received formal notice of the commencement or conversion of the

7

bankruptcy case. 188 B.R. at 316-17. Under those facts, the bankruptcy court held that the delivery of the state court claim to the chapter 7 trustee – prior to the claim bar date in the bankruptcy case – qualified as an "informal" proof of claim, and the court allowed the claim. 188 B.R. at 320.

Both *Interco* and *Meyer & Son* can be readily distinguished from the present case. In *Interco*, no trustee had been appointed; the cases were jointly administered; and both debtors were represented by the same law firm. Under those circumstances, it was not unreasonable to impute to Interco, as the representative of its chapter 11 estate, knowledge of the claims filed in Sky City's case. In the present case, by contrast, there is no order of joint administration, and the representatives of the two estates are different. TRC is the representative of its own estate, while the chapter 7 trustee, Donald F. King, is the representative of the debtor's case. In *Meyer & Son*, the bankruptcy case was not only, as a practical matter, a continuation of the state court assignment for the benefit of creditors, but the assignee had actually delivered the claim to the chapter 7 trustee prior to the claims bar date. By contrast, RFI's case cannot fairly be characterized as simply a continuation of TRC's case, and there is no evidence that the Riverside claims (other than the claim purchased from Roth Fabric, Inc.) were made known to the chapter 7 trustee prior to the claims bar date in RFI's case.

Accordingly, if the only pleadings or papers offered as an informal proof of claim is this case were the proofs of claim that Riverside filed in TRC's case, the court would be constrained to hold that the requirements for an informal amendable proof of claim had not been met. As noted, however, Riverside did, prior to the claims bar date, file a pleading in this case in which it identified itself as "the transferee of claims against the Debtors in the amount of approximately

$300,000." To be sure, the names of the original creditors were not stated, and the $300,000 figure overstated the total of the claims by approximately 50%. Nevertheless, given the Fourth Circuit's liberal view with respect to informal proofs of claim, the court will find that the objection to the sale of the debtor's assets was sufficient to constitute notice of a claim against the estate. The formal proofs of claim, although filed after the claims bar date, were late by only approximately a month. Additionally, because the trustee has not yet filed a final report and proposed distribution, there is no prejudice to the administration of the estate. Accordingly, the court will grant the motion to allow the filing of the claims after the claims bar date, but preserving any substantive objections the trustee may raise going to the merits of the claims.[11]

A separate order will be entered consistent with this opinion.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

---

[11] Because Claim No. 176 appears to duplicate a claim that has been filed, and not objected to, in the TRC case, and because the recognition of an informal proofs of claim is an equitable doctrine to prevent unjust loss of a meritorious claim, the allowance of Claim No. 176 will conditioned upon the withdrawal of the corresponding claim, if any, in the TRC case

Copies to:

Andrew L. Cole, Esquire
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland   21117
Counsel for Riverside Claims, Inc.

James W. Reynolds, Esquire
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA  22031
Counsel for Donald F. King, chapter 7 trustee

Dylan G. Trache, Esquire
Wiley Rein, LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22102
Counsel for the debtor

## EXHIBIT A
## CLAIMS FILED BY RIVERSIDE CLAIMS, LLC

| Claim | Assignor | Amount | Scheduled |
|---|---|---|---|
| 164 | Carroll Companies, Inc. | $ 62,922.07 | $56,996.22 |
| 165 | Johnston Industrial Supply Co. | $14,457.70 | $14,457.70 |
| 166 | Lance Transport, Inc. | $47,355.83 | $49,644.51 |
| 167 | Pickwick Paper Co. | $480.00 | $ 480.00 |
| 168 | Bomar Industries Int'l | $10,666.74 | $10,666.74 |
| 169 | Rick Leonard Heating Air Conditioning | $ 2,928.63 | $2,928.63 |
| 170 | Security Alarms of America | $6,368.40 | $ 21.50 |
| 171 | Southern Furniture Hardware | $2,439.40 | $2,439.40 |
| 172 | Furniture Affordable Repairs | $407.00 | $306.00 |
| 173 | Dunlap Industries, Inc. | $36,892.32 | $36,892.32 |
| 174 | Clark Sign Creations | $4,175.00 | $4,175.00 |
| 175 | Roth Fabric, Inc. | $7,496.52 | $7,496.52 |
| 176 | Austin Tinsley, M.D. | $2,016.00 | $ 49.00 |
| | **Totals** | $198.605.61 | $186,553.54 |